(No. 748—Claimant awarded $3750.00.)

ERMA C. CROSBY, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed April 16, 1925.*

RESPONDEAT SUPERIOR—*doctrine of not applicable to State.* The doctrine of *Respondeat Superior* is not applicable to the State is not liable for injuries sustained by its employees while in the discharge of their duty.

SOCIAL JUSTICE AND EQUITY—*award may be made.* While there may be no legal liability existing against the State for injuries sustained by its employees while in the performance of their duty, the court may as an act of social justice and equity enter an award in favor of claimant.

BOWE & BOWE, for claimant.

EDWARD J. BRUNDAGE, Attorney General; GEORGE C. DIXON, Assistant Attorney General, for respondent.

Mr. JUSTICE LEECH delivered the opinion of the court:

This case comes before the court by declaration filed by Erma C. Crosby, by Bowe & Bowe, her attorneys, setting forth that on the 26th day of February, A. D. 1922, the State of Illinois and trustees of the University of Illinois maintained, managed and operated a certain school, to-wit: Urbana, in Champaign County, Illinois, known as the University of Illinois; that as a part of said university of the said State of Illinois, the said State of Illinois and trustees thereof maintained certain shops and foundries in which dangerous power driven machinery was used, and concerning which there were statutory regulation for the protection of employees; that on, to-wit, February 26, 1922, Glen M. Crosby, husband of petitioner, was employed as an instructor in one of said workshops or foundries by the said trustees of the University of Illinois; that the said Glen M. Crosby was then and there injured by reason of an accident which arose out of and in the course of his said employment; that said Glen M. Crosby was killed by reason of the said injuries; that his wages during the year preceding his death were, to-wit, $200.00 a month; that the deceased left him surviving a widow, Erma C. Crosby, the petitioner herein, who was dependent on the deceased and whom he was under legal obligation to support at the time of his death, which was on the 31st day of March, 1922; that claimant resides at 246 South Fifteenth avenue, Maywood, Illinois.

The Attorney General filed a demurrer, which, as a matter of law, is sustained.

From the stipulation of facts agreed upon between the parties hereto, by their respective attorneys, it appears that the Illinois State University at Urbana, Illinois, is a large educational institution conducted by the State of Illinois; that its grounds comprise many acres; that it has large and expensive buildings, some of which are several stories in height; that in some of the buildings are high pressure boilers for heating, power and other purposes; that said University of Illinois has departments devoted to the study of engineering in its various forms and that in some of these departments there are rooms filled with power driven machinery and dangerous appliances, required by law to be guarded in special manner, which said machinery and appliances are used in the general work of instruction and demonstration in the said branches of science; that the State of Illinois employed Glen M. Crosby, the deceased, as an instructor in one of the engineering departments, and that his work required him to be in a certain foundry conducted by the said university as a part of its school; that on or about the 26th day of February, A. D. 1922, the said Glen M. Crosby, while so employed in the foundry of the University of Illinois, as assistant superintendent, or in some similar capacity, was assisting in the lifting of some heavy metal object which was suspended from a beam by means of a chain; that some part of the arrangement which held the metal object suspended broke and that the chain, or some other part of the contrivance, fell and struck Glen M. Crosby on the cheek, causing a wound to his jaw; that the wound to the jaw became infected and that Glen M. Crosby died five weeks subsequent thereto from a strepticoccic infection; that said Glen M. Crosby was employed at a monthly rate of pay of One Hundred Eighty Dollars for ten months, or Eighteen Hundred Dollars a year.

It is further stipulated that the trustees of the university be dismissed as parties respondent, and the court finds that an award should be allowed in this case in equity and good conscience, and we do therefore award the claimant the sum of $3,750.00.